|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| Edgar Josue SANCHEZ ALBA,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher J. LAROSE, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-cv-3135-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE** |

      Petitioner Edgar Sanchez Alba seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

      Sanchez Alba alleges that he's been in immigration custody since "October 10, 2025." (ECF 1, at 7.) He claims to be wrongly "subject to mandatory detention" on account of a statutory redesignation that purportedly allows the government to hold him under 8 U.S.C. § 1225(b)(2) instead of the classification that allowed his release, § 1226(a). (ECF 1, at 5, 7.) Although an immigration judge has not yet issued a decision on his request "for a custody redetermination hearing," Sanchez Alba "anticipates" that the "immigration judge" will conclude he "has no jurisdiction" to set "bond" under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF 1, at 5, 7.) In that case, the Board of Immigration Appeals revoked "jurisdiction" for "immigration judge[s]" to "consider the release on bond of any noncitizen who entered without inspection." *Esquivel-Ipina v.*

*LaRose*, No. 25-cv-2672 JLS (BLM), 2025 WL 2998361, *2 (S.D. Cal. Oct. 24, 2025). Petitioner charges that detention based on *Yajure Hurtado* "disregards the plain meaning" of section 1225, "disregards the relationship between sections 1225 and 1226," "would render a recent amendment to section 1226(c) superfluous," and "is inconsistent with decades of prior statutory interpretation and practice." (ECF 1, at 5.)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Esquivel-Ipina*, 2025 WL 2998361, *2 (holding that a petitioner who had not yet been denied bond still had standing, because "immigration judges are bound by the decision in *Matter of Yajure Hurtado* [] to find detention classified under § 1225(b) mandatory"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *see also Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country, including two in this Circuit, have concluded when faced with habeas petitions from comparably situated petitioners.").

By **December 3, 2025**, respondents must answer the petition. Any reply by petitioner must be filed by **December 12, 2025**. The Court will hold oral arguments on the petition on **January 8, 2026**, at **2:00 p.m.**

1 | Dated: November 14, 2025

_____
Hon. Andrew G. Schopler
United States District Judge